947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy STOFFEL, Plaintiff-Appellant,
v.
Robert BROWN; D. Dyke; John Jabe; D. Straub; Jerry
Haufbaure; R. Atkins; C.O. Parkinson,
Defendants-Appellees.
 No. 91-1227.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 Before MERRITT, Chief Judge, ALAN E. NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Randy Stoffel, a Michigan state prisoner, appeals the decision of the district court to grant summary judgment to the remaining defendants in this action. Stoffel alleges in his complaint, filed pursuant to 42 U.S.C. § 1983, that the deliberate indifference of the defendants[1] deprived him of his Eighth Amendment right to be free from cruel and unusual punishment. Because we conclude that appellant failed to present a genuine issue of material fact sufficient for him to withstand summary judgment, we affirm the decision of the district court.
 
 
 2
 The events that gave rise to this action can be summarized briefly. After a series of disciplinary infractions, Stoffel was reclassified from a "medium" to a "close" security prisoner. As a result of this reclassification, he was transferred to the State Prison of Southern Michigan on Friday, December 18, 1987. Upon arrival, Stoffel was placed in the maximum security unit, known as 4-Block.
 
 
 3
 In his complaint, Stoffel alleges that he became aware that 4-Block housed homosexual predators. On December 18th and 19th, he claims to have requested a transfer to a segregated unit where he would be protected from sexual overtures. In addition, he allegedly reported the theft of personal property to prison personnel on December 19th. Despite his requests for protection, Stoffel asserts that he was raped by fellow inmate Robert Gordon on the morning of December 20, 1987.
 
 
 4
 In order to sustain a section 1983 action, a plaintiff must establish that the defendant personally participated in the alleged constitutional deprivation. Section 1983 liability will not be imposed solely on the basis of respondeat superior. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984). To withstand summary judgment in this case, therefore, Stoffel must produce some evidence of the defendants' personal involvement in the events that gave rise to his Eighth Amendment claim.
 
 
 5
 Appellant has not met this burden. He did not identify the individuals to whom he allegedly reported his fears in either the complaint or through discovery. While Stoffel's affidavit mentions defendant Parkinson, it merely states that affiant told Parkinson of the rape after it occurred; there is nothing to indicate that Parkinson was aware of a dangerous situation prior to that time.
 
 
 6
 By contrast, each defendant has submitted an affidavit denying that he had any knowledge that would have led him to conclude that Stoffel should be placed in protective segregation.
 
 
 7
 Thus, appellant has failed to put in issue a material fact essential to his claim: the personal involvement of the defendants. As the Supreme Court has noted, "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 8
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation
 
 
 [1]
 The defendants were all employees of the Michigan Department of Corrections at the time that this cause of action accrued. Of the seven original defendants, only Parkinson, Straub, and Atkins are party to this appeal. The remaining defendants have previously been dismissed from the lawsuit